RECEIVED *law*

JUL 8 2008
JUL 8 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TIMOTHY MATTHEW SCHUNING

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

08CV3880
JUDGE ZAGEL
MAGISTRATE JUDGE DENLOW

vs.

Case No:_____
(To be supplied by the Clerk of this Court)

John W COCKRELL

~~[struck through]~~

JUDGE JORGENSEN
JOEL A KAGANN
Ahern

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**CHECK ONE ONLY:**

✓      **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
U.S. Code (state, county, or municipal defendants)

_____      **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331** U.S. Code (federal defendants)

_____      **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I.  **Plaintiff(s):**

   A. Name: TIMOTHY M SCHUNING

   B. List all aliases: _____

   C. Prisoner identification number: N33064

   D. Place of present confinement: JACKSONVILLE CC

   E. Address: 2268 E MORTON AVE JACKSONVILLE IL 62650

   (If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

   A. Defendant: John W Cockwell
      Title: EX CIRCUIT CLERK
      Place of Employment: DuPage County

   B. Defendant: AHERN
      Title: STATE ATTORNEY
      Place of Employment: DuPage County

   C. Defendant: Judge Jorgensen
      Title: JUDGE
      Place of Employment: DuPage County

   (If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

   D. Defendant: Joel A Kagann
      Title: Circuit Clerk
      Place of Employment: DuPage County

2

Revised 9/2007

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

    A. Name of case and docket number: _NONE I Know of._

    B. Approximate date of filing lawsuit: _____

    C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

    D. List all defendants: _____

    E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____

    F. Name of judge to whom case was assigned: _____

    G. Basic claim made: _____

    H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____

    I. Approximate date of disposition: _____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

IV. **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

IN 1985 THE ILLINOIS SUPREME COURT REVERED AND REMANDED CASE 82CF1468 TO THE CIRCUIT COURT OF DUPAGE FOR A NEW TRIAL. John W Cockrell Then RE-NUMBERED THE CASE TO 85CF830. BUT NEVER FINSHED THE JOB AND CLOSED CASE 82CF1468. BY DOING SO BOTH CASES WERE LEFT OPEN. CASE 82CF1468 SHOWING GUILTY, CASE 85CF830 GOING TO COURT. THEN ON A PLEA OF GUILTY TO CASE NUMBER 85CF830. BOTH CASE 82CF1468 AND 85CF830 WERE SHOWN AS GUILTY ON MY RECORD. EVEN THOUGHT BOTH CASES ARE THE SAME. I TRIED TO FIX THIS IN 1999. BUT JUDGE JORGENSEN DENIED MY EXPUNGEMENT. BUT Ruled THAT BOTH CASES WERE THE SAME. SINCE BOTH CASES ARE ONE BUT BOTH SHOW UP AS GUILTY. I FEEL THIS IS DOUBLE JEOPARDY, SINCE BOTH ARE GUILTY. I HAVE BEEN PUNISHED TWO TIME FOR ONE CASE. I TRIED AGAIN IN 2000 TO GET THIS FIXED BUT AGAIN JUDGE JORGENSEN Ruled That BOTH Cases were The SAME.

BUT ORDERED THE CLERK TO MERGE THEM TOGETHER. THE COURT ORDER WAS SENT TO THE CIRCUIT CLERK JOEL A KAGANN TO BE DONE (ENTER). BUT AGAIN BOTH CASES SHOWED UP AS TWO DIFFERENT CASES AND GUILTY OF BOTH. EVEN AFTER JUDGE JORGENSEN SAID BOTH WERE ONE AND TO MERGE THEM TOGETHER. AGAIN IN 2008, I FIND THIS TO BE TRUE AND THE 1982 CASE IS USED AGAINST ME TO STOP WORK RELEASE. SHOWING THAT THIS IS AN ON GOING PROBLEM. AND BOTH CASES SHOW UP AS GUILTY. BUT NOT AS ONE CASE THAT IT IS. I FEEL THIS TO BE DOUBLE JEOPARDY. BEING CONVICTED TWO TIMES FOR THE SAME OFFENSE WITH DIFFERENT CASE NUMBERS. ALSO MULTIPLE PUNISHMENTS FOR THE SAME OFFENSE SOUGHT IN SEPARATE PROCEEDINGS AS THE STATE ATTORNY ~~____~~ TRIED TO KEEP BOTH CONVICTIONS IN PLACE. EVEN THOUGH THE PAPER WORK SAID NOT TO. AFTER LOOKING AT THE REVERSAL FROM THE ILLINOIS SUPREME COURT, THE STATE ATTORNY ~~____~~ STILL ASK JUDGE JORGENSEN TO HOLD 82CF1468 AS GUILTY ABOVE THE COURT ORDER.

Revised 9/2007

V.  Relief:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

EXPUNGEMENT OF MY WHOLE RECORD. SINCE ~~THIS~~ CASE 82CF1468 AND 85CF830 HAS BEEN HELD AGAINST ME. IN OTHER CASES TO GET ~~EITHER~~ CONVICTED. AND TO BE AWARDED PUNITIVE DAMAGES AND MONEY FOR PAIN AND SUFFERING THIS HAS CAUSED ME SINCE 1985. I SHOULD BE AWARDED MONEY AND AN EXPUNGEMENT OF MY RECORD FOR ALL THAT HAS AND HAS NOT BEEN DONE.

VI.  The plaintiff demands that the case be tried by a jury.  ☒ YES  ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _____ day of _____, 20____

_____
(Signature of plaintiff or plaintiffs)

TIMOTHY MATTHEW SCHUNING
(Print name)

N33064
(I.D. Number)

2268 MORTON AVE.
JACKSONVILLE IL
62650
(Address)

6

DEAR JUDGE
 I ADDED These AS REFERENCE These COURT ORDERS SHOW All I CLAIM IS TRUE. I HOPE This helps. The only thing I COULD NOT GET IS A RAP SheeT. BUT I'm sure you CAN see BOTH CASES Show Guilty ON The RAP SheeT!

Thank you

# Illinois Department of Corrections
## OFFENDER'S GRIEVANCE

Date: 1-5-13

Offender: Schwing N33064   ID#: N8306

Present Facility: 
Facility where grievance issue occurred: Robbinson

**NATURE OF GRIEVANCE:**
- [ ] Personal Property
- [ ] Staff Conduct
- [x] Transfer Denial by Facility
- [ ] Disciplinary Report: ___/___/___
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify):

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** That my past cases are being use to denial my work release. The 82 CR 1988 was reviewed by the Ill Sup court and shouldn't be used agains me I'm here for DWLR no hurtn people I should be sent to work release. The Judge even said he felt I should go.

**Relief Requested:** Sent to work camp to prove my self or work release

[ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Offender's Signature: [signed]   ID#: N33064   Date: ___/___/___

---

**Counselor's Response (if applicable)**

Date Received: 5/19/08
[ ] Send directly to Grievance Officer
[ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Various factors are considered in the decision process for work release and the assignment of inmates to jobs within the prison setting. They include but are not limited to criminal history, institutional adjustment history, length until MSR, current conviction. This inmate was recently denied work release due to criminal history and for the same reason as to work camp consideration.

Print Counselor's Name: R. Juhl   Counselor's Signature: [signed]   Date of Response: 5/9/08

---

**EMERGENCY REVIEW**

Date Received: ___/___/___   Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature: ___   Date: ___/___/___

Distribution: Master File; Offender   Page 1   DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**RESPONSE TO COMMITTED PERSON'S GRIEVANCE**

### Grievance Officer's Report

**Date Received:** May 15, 2008　　**Date of Review:** May 28, 2008　　**Grievance #** (optional): 94

**Committed Person:** Timothy Schuning　　**ID#:** N33064

**Nature of Grievance:** 2E

Offender Schuning is grieving that he is being denied work release due to a 1982 case. He feels that it shouldn't be used against him.

**Facts Reviewed:** Offender Schuning is grieving that he was denied work release due to a 1982 case. He feels that it shouldn't be held against him because that is not what he is currently here for. He states that this case was reversed by the Illinois Supreme Court. He would like to go to a work camp to prove himself in order to eventually go to a work release center.

Offender Schuning was denied work release on May 6, 2008 due to criminal history. In speaking with the Casework Supervisor, various factors are considered, including overall criminal history, institutional adjustment, number of incarcerations, etc.

**Recommendation:** Based upon total review of all available information, it is my recommendation that this grievance be denied. Offender Schuning was denied work release due to his overall criminal history, which is a factor that can be considered when placing offenders in work release or work camps.

Sheila Brown
**Print Grievance Officer's Name**　　*[signature]* **Grievance Officer's Signature**

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

### Chief Administrative Officer's Response

**Date Received:** 5/28/08　　☒ I concur　　☐ I do not concur　　☐ Remand

**Comments:** Work release is a privileged program and is not considered a right for any offender - offender is within his rights to re-submit after 6 months of a denial, but should be aware that criminal history is considered an unchangeable denial - criminal history does not decrease, only increases.

*[signature]* **Chief Administrative Officer's Signature**　　6/2/08 **Date**

### Committed Person's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Schuning Timothy *[signature]*　　N33064　　6/4/08
**Committed Person's Signature**　　**ID#**　　**Date**

Distribution: Master File; Committed Person　　Page 1　　DOC 0047 (Eff. 10/2001)
Printed on Recycled Paper　　SEE BACK　　(Replaces DC 5657)

### ⚑1  DOUBLE JEOPARDY

22A Ill D 2d—508

**For later cases, see same Topic and Key Number in Pocket Part**

attempted prosecution for some other offense involving the same criminal acts.
>People v. Knapp, 155 N.E.2d 565, 15 Ill.2d 450.

**Ill.App. 1 Dist. 1995.** Double jeopardy clause protects against second prosecution for same offense after acquittal, second prosecution for same offense after conviction, and multiple punishments for same offense. U.S.C.A. Const. Amend. 5; S.H.A. Const. Art. 1, § 10.
>People v. Pudlo, 209 Ill.Dec. 498, 651 N.E.2d 676, 272 Ill.App.3d 1002, appeal denied 214 Ill.Dec. 328, 660 N.E.2d 1277, 164 Ill.2d 577.

**Ill.App. 1 Dist. 1994.** Constitutional protection against double jeopardy prohibiting retrial is only unequivocal following acquittal. U.S.C.A. Const.Amends. 5, 14; S.H.A. Const. Art. 1, § 10.
>People v. Harbold, 200 Ill.Dec. 561, 635 N.E.2d 900, 262 Ill.App.3d 1067, appeal denied 205 Ill.Dec. 175, 642 N.E.2d 1292, 157 Ill.2d 512, certiorari denied Harbold v. Illinois, 115 S.Ct. 1254, 131 L.Ed.2d 134.

**Ill.App. 1 Dist. 1993.** Constitutional guaranty against double jeopardy offers protection against second prosecution after acquittal, protection against second prosecution after conviction, and protection against multiple punishments for same offense. U.S.C.A. Const.Amend. 5; S.H.A. Const. Art. 1, § 10.
>People v. Carrillo, 194 Ill.Dec. 118, 627 N.E.2d 234, 254 Ill.App.3d 809, appeal allowed 197 Ill.Dec. 490, 631 N.E.2d 712, affirmed in part, reversed in part 207 Ill.Dec. 16, 646 N.E.2d 582, 164 Ill.2d 144, certiorari denied Carrillo v. Illinois, 115 S.Ct. 2586, 132 L.Ed.2d 834.

**Ill.App. 1 Dist. 1993.** Guarantee against double jeopardy affords protection against second prosecution for same offense after acquittal, protection against second prosecution for same offense after conviction, and protection against multiple punishments for same offense. U.S.C.A. Const.Amend. 5.
>People v. Correa, 185 Ill.Dec. 561, 614 N.E.2d 1246, 244 Ill.App.3d 307, appeal allowed, judgment vacated 191 Ill.Dec. 23, 623 N.E.2d 268, 152 Ill.2d 566.

**Ill.App. 1 Dist. 1991.** Constitutional prohibition of double jeopardy prevents prosecution for offense after acquittal or conviction of same offense and prevents multiple punishments for same offense. U.S.C.A. Const.Amend. 5.
>People v. Chandler, 161 Ill.Dec. 28, 578 N.E.2d 155, 218 Ill.App.3d 97.

**Ill.App. 2 Dist. 1995.** Prohibition against double jeopardy protects against second prosecution for same offense after acquittal, second prosecution for same offense after conviction,
and multiple punishments for same offense when sought in separate proceedings. U.S.C.A. Const.Amend. 5; S.H.A. Const. Art. 1, § 10.
>People v. Dvorak, 213 Ill.Dec. 120, 658 N.E.2d 869, 276 Ill.App.3d 544, rehearing denied.

**Ill.App. 2 Dist. 1995.** Double jeopardy clause is designed to protect against three distinct abuses: (1) second prosecution for same offense after acquittal; (2) second prosecution for same offense after conviction; and (3) multiple punishments for same offense when sought in separate proceedings. U.S.C.A. Const. Amend. 5; S.H.A. Const. Art. 1, § 10.
>People v. Krizek, 207 Ill.Dec. 857, 648 N.E.2d 313, 271 Ill.App.3d 533.

**Ill.App. 2 Dist. 1995.** Double jeopardy clause protects against three distinct abuses: second prosecution for same offense after acquittal, second prosecution for same offense after conviction, and multiple punishments for same offense when sought in separate proceedings. U.S.C.A. Const.Amend. 5.
>People v. Towns, 207 Ill.Dec. 279, 646 N.E.2d 1366, 269 Ill.App.3d 907, rehearing denied.

Fundamental purpose of double jeopardy clause is to protect an accused from being forced to defend against repeated attempts to exact one or more punishments for same offense and applies with equal force whether first prosecution results in conviction or acquittal. U.S.C.A. Const.Amend. 5.
>People v. Towns, 207 Ill.Dec. 279, 646 N.E.2d 1366, 269 Ill.App.3d 907, rehearing denied.

**Ill.App. 2 Dist. 1994.** Double jeopardy clause protects defendant from second prosecution for same offense after acquittal, second prosecution for same offense after conviction, and multiple punishments for same offense. U.S.C.A. Const.Amend. 5; S.H.A. Const. Art. 1, § 10.
>People v. Benson, 194 Ill.Dec. 565, 627 N.E.2d 1207, 256 Ill.App.3d 560.

**Ill.App. 2 Dist. 1993.** Double jeopardy clause protects defendant from a second prosecution after acquittal, a second prosecution after conviction, and multiple punishments for same offense. U.S.C.A. Const.Amend. 5.
>People v. Mauricio, 189 Ill.Dec. 299, 619 N.E.2d 1348, 249 Ill.App.3d 904.

**Ill.App. 2 Dist. 1990.** Interests which double jeopardy clause seek to protect are not implicated unless defendant is put in jeopardy and what constitutes acquittal for purposes

For legislative history of cited statutes see West's Smith-Hurd Illinois Compiled Statutes Annotated



## I. IN GENERAL.

**⇔1. In general.**

**Library references**
C.J.S. Criminal Law § 208.

**U.S.Ill. 1967.** Defendant may not be placed twice in jeopardy for same offense.
Will v. U. S., 88 S.Ct. 269, 389 U.S. 90, 19 L.Ed.2d 305.

**C.A.7 (Ill.) 1992.** Double jeopardy clause is violated when there is second prosecution of individual for offense of which he already has been acquitted, second prosecution of individual for offense of which he already has been convicted, or imposition of multiple punishments for same offense. U.S.C.A. Const.Amend. 5.
U.S. v. Furlett, 974 F.2d 839.

**C.A.7 (Ill.) 1974.** Constitutional protection against double jeopardy is to give defendant right to one final disposition of any pending charge.
U. S. v. Haygood, 502 F.2d 166, certiorari denied 95 S.Ct. 791, 419 U.S. 1114, 42 L.Ed.2d 812.

**C.A.7 (Ill.) 1969.** Before defense of double jeopardy can attach, defendant must be posited in jeopardy for a second time for same offense. U.S.C.A.Const. Amend. 5.
Rhyne v. U. S., 407 F.2d 657.

**D.C.Ill. 1972.** Retrial of issues adjudicated in previous trial is as prohibited by Fifth Amendment as retrial for same offense. U.S.C.A.Const. Amend. 5.
U. S. v. Drevetzki, 338 F.Supp. 403.

**D.C.Ill. 1963.** A defendant is placed in former or double jeopardy when he is tried a second time for the same offense which was the basis of a former prosecution.
In re Certain Proceedings Before 1959 Grand Jury, 212 F.Supp. 823.

**Ill. 1993.** Double jeopardy clause embraces three separate protections which bar (1) retrial for same offense after acquittal, (2) retrial for same offense after conviction, and (3) multiple punishment for same offense. U.S.C.A. Const.Amend. 5; S.H.A. Const. Art. 1, § 10.
People v. Levin, 191 Ill.Dec. 72, 623 N.E.2d 317, 157 Ill.2d 138, as modified on denial of rehearing, certiorari denied Johns v. Illinois, 115 S.Ct. 94, 130 L.Ed.2d 44, certiorari denied Levin v. Illinois, 115 S.Ct. 94, 130 L.Ed.2d 44, certiorari denied Carter v. Illinois, 115 S.Ct. 94, 130 L.Ed.2d 44, certiorari denied Knoop v. Illinois, 115 S.Ct. 94, 130 L.Ed.2d 44.

**Ill. 1992.** Double jeopardy clause protects against a second prosecution for same offense after acquittal, second prosecution for same offense after conviction, and multiple punishments for same offense. U.S.C.A. Const.Amend. 5; S.H.A. Const. Art. 1, § 10.
People v. 1988 Mercury Cougar, 180 Ill. Dec. 323, 607 N.E.2d 217, 154 Ill.2d 27.

**Ill. 1992.** Double jeopardy clause protects against second prosecution for same offense after acquittal; second prosecution for same offense after conviction, and multiple punishments for same offense. U.S.C.A. Const.Amend. 5; S.H.A. Const. Art. 1, § 10.
Rehg v. Illinois Dept. of Revenue, 178 Ill. Dec. 731, 605 N.E.2d 525, 152 Ill.2d 504.

**Ill. 1992.** Constitutional guarantee against double jeopardy affords separate protections against three things: second prosecution after acquittal; second prosecution after conviction; and multiple punishments for same offense. U.S.C.A. Const.Amend. 5.
People v. Stefan, 166 Ill.Dec. 910, 586 N.E.2d 1239, 146 Ill.2d 324.

**Ill. 1985.** Double jeopardy prohibition places upon trial judge the responsibility of spotting deficient prosecutions, that is those in which evidence is insufficient to convict, and its authority to do so is not curtailed by contingency that jury is unable to agree on verdict. U.S.C.A. Const.Amend. 5; S.H.A. Const. Art. 1, § 10.
People ex rel. Daley v. Crilly, 91 Ill.Dec. 601, 483 N.E.2d 1236, 108 Ill.2d 301, certiorari denied Illinois v. Crilly, 106 S.Ct. 1261, 475 U.S. 1045, 89 L.Ed.2d 571.

**Ill. 1977.** To determine whether two actions are prosecutions for the same offense, the test is whether the same evidence would sustain proof of each offense; it is not necessary that person be tried twice for the same action, but so long as he has been put in jeopardy, the guarantee against subsequent jeopardy attaches. S.H.A.Const.1970, art. 1, § 10; U.S.C.A.Const. Amends. 5, 14.
People v. Gray, 12 Ill.Dec. 886, 370 N.E.2d 797, 69 Ill.2d 44, certiorari denied Illinois v. Gray, 98 S.Ct. 1887, 435 U.S. 1013, 56 L.Ed.2d 395.

Applicability of constitutional guarantee against double jeopardy in particular case is no longer a matter to be left for state court determination within the broad bounds of fundamental fairness, but a matter of constitutional fact. S.H.A.Const.1970, art. 1, § 10; U.S.C.A.Const. Amends. 5, 14.
People v. Gray, 12 Ill.Dec. 886, 370 N.E.2d 797, 69 Ill.2d 44, certiorari denied Illinois v. Gray, 98 S.Ct. 1887, 435 U.S. 1013, 56 L.Ed.2d 395.

**Ill. 1959.** Question of a defendant being twice put in jeopardy for same offense is not presented for determination except in event of

# State of Illinois
## Supreme Court

At a Term of the Supreme Court, begun and held in Springfield, on Monday, the _eleventh_ day of _March_, 19_85_.

Present: William G. Clark, Chief Justice

Justice Daniel P. Ward        Justice Joseph H. Goldenberg
Justice Howard C. Ryan        Justice Thomas J. Moran
Justice Seymour Simon         Justice Ben Miller

---

On the __22nd__ day of __March__, 19__85__, the Supreme Court entered the following judgment:

People State of Illinois,

    Appellee

No. 60554    v.

Timothy M. Schuning,

    Appellant

Appeal from
Appellate Court
Second District
83-802
82 CF 1468 01

Black

    The judgments of the Appellate Court, Second District and Circuit Court of Du Page County are reversed and this cause is remanded to the Circuit Court of Du Page County for a new trial.

PROCESSED
APR 2 5 1985

**CERTIFICATION**
I, Joel Kagann, Clerk of the 18th Judicial Circuit Court, DuPage County, Illinois, do hereby certify this to be a true and correct copy as it appears from the records and files in my office. IN WITNESS WHEREOF, I have hereunto set my hand and caused to be affixed the Seal of the said Court.
DATE 4/11/00
JOEL KAGANN, Clerk

As Clerk of the Supreme Court of the State of Illinois and keeper of the records, files and Seal thereof, I certify that the foregoing is a true copy of the final order entered in this case.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed the Seal of said Court this __19th__ day of __April__, 19__85__.

_Juliann Hornyak_
    Clerk,
Supreme Court of the State of Illinois

# JOHN W. COCKRELL, CLERK OF THE EIGHTEENTH JUDICIAL CIRCUIT

| DU PAGE COUNTY | BOX 707 | WHEATON, ILLINOIS 60187 |
|---|---|---|
| PROBATE — 682-7095 | —DIVISIONS— | TRAFFIC & MISDEMEANOR — 682-7080 |
| COUNTY — 682-7096 | GENERAL · 682-7100 | SMALL CLAIMS — 682-7088 |
| MAGISTRATE — 682-7104 | | CHILD SUPPORT — 682-7090 |

*Number 2*

Date    MAY 9, 1985

Case No.    82 CF 1468-01 thru 04

THE PEOPLE OF THE STATE OF ILLINOIS

-vs-

TIMOTHY M. SCHUNING

To Whom It May Concern:

The above captioned case from the 18th Judicial Circuit Court was appealed to:

( ) 2nd District Appellate Court

(X) Illinois Supreme Court

The reviewing court has remanded this case to the 18th Judicial Circuit for further proceedings.

In accordance with Administrative Order 83-60, this case has be re-numbered and is assigned to the following Judge:

CERTIFICATION
I, Joel Kagann, Clerk of the 18th Judicial Circuit Court, DuPage County, Illinois, do hereby certify this to be a true and correct copy as it appears from the records and files in my office.
IN WITNESS WHEREOF, I have hereunto set my hand and caused to be affixed the Seal of the said 18th Judicial Circuit Court.
DATE   APR 11 2000
JOEL KAGANN, Clerk
by _____ Deputy Clerk

CASE NO.    85 CF 830-01 thru 04

JUDGE    JUDGE KOWAL

All further proceedings will be held before that Judge in the Courtroom usually occupied by him/her. <u>All further proceedings will be identified only with the new case number</u>.

Your continued cooperation will be appreciated.

Very truly yours,

John W. Cockrell, Circuit Clerk

By: _____
Deputy Clerk

EXHIBIT D

UNITED STATES OF AMERICA

STATE OF ILLINOIS     COUNTY OF DUPAGE

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

THE PEOPLE OF THE STATE OF ILLINOIS

-vs-

No. 85 CF 830-03

DO # _____

LOOK BOTH CASE NUMBERS

☐ Indictment
☒ Information
☐ Complaint

Defendant: Timothy M. Schuning

File Stamp Here

PLEA ☐ NOT GUILTY ☒ GUILTY    FINDING OF GUILTY BY ☒ COURT ☐ JURY

It is hereby ordered that the defendant is sentenced as follows:

**TYPE OF SENTENCE**

☐ Fined $ _____
☐ Probation
☐ Periodic Imprisonment
   ☐ Work Release Program
   ☐ Week ends
☐ Conditional Discharge
☒ Amended Charge — Battery

☒ County Jail — 364 days - Credit for time served
☐ No credit for good time
☐ Custody of U.S. Attorney General
☐ Illinois Department of Corrections
☐ State Farm
☐ State Penitentiary

CERTIFICATION
I, Joel Kagann, Clerk of the 18th Judicial Circuit Court, DuPage County, Illinois, do hereby certify this to be a true and correct copy as it appears from the records and files in my office.
IN WITNESS WHEREOF, I have hereunto set my hand and caused to be affixed the Seal of the said Court.
DATE 9/11/00
JOEL KAGANN, Clerk
By: _____ Deputy Clerk

SENTENCE

COUNT No. III — CLASS A

Upon plea of guilty to charge of Battery, said defendant ordered to serve 364 days in the DuPage County Jail, with credit for time served to equal 364 days.

Disposition of companion cases (not sentenced) _____

State's Attorney: Allen for O'Connor
Defense Attorney: Zahn
Deputy Clerk _____
Reporter _____
Bailiff _____

JUDGE _____
Date 10/7/85
☐ Sentence Stayed until _____
☐ No Credit time served. Credit will be given unless this box is checked
☐ Defendant released from custody.

JOHN W. COCKRELL, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT
WHEATON, ILLINOIS 60189-0707

White - Court File

EXHIBIT C

UNITED STATES OF AMERICA

**STATE OF ILLINOIS**           **COUNTY OF DUPAGE**

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

PEOPLE OF THE STATE OF ILLINOIS

—VS—

Timothy M. Schuning, Defendant

Case No. 85 CF 830-03

File Stamp Here

## ORDER

← CASE ROUTE TO

This cause having come on to be heard upon the motion of the _People to Amend_ and the Court being fully advised in the premises, and having jurisdiction of the subject matter:

IT IS HEREBY ORDERED that Count III be amended in pertinent part to read the offense of Battery in violation of Ill Rev Stat Ch 38 §12-3(a) in that he knowingly without legal justification caused bodily harm to Kathi McMillan in that he bit her in the face ~~without any reason placing~~ and struck her in the face

CERTIFICATION
I, Joel Kagann, Clerk of the 18th Judicial Circuit Court, DuPage County, Illinois, do hereby certify this to be a true and correct copy as it appears from the records and files in my office. IN WITNESS WHEREOF, I have hereunto set my hand and caused to be affixed the Seal of the said Court.
DATE _____
JOEL KAGANN, Clerk
by _____ Deputy Clerk

Name _Ahern_
DuPage Attorney No. _50000_
Attorney for _People_
Address _207 S Reber_
City _Wheaton_
Phone _7050_

Enter: _____ Judge

Date _10-7-85_

OCT 04 1985

**JOHN W. COCKRELL, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT**
**WHEATON, ILLINOIS 60189—0707**

EXHIBIT B

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

PEOPLE OF THE STATE OF ILLINOIS

—vs—

Timothy SCHUNING
Defendant(s)

Case Number 95 CF 930

## ORDER

This cause having come on to be heard upon the motion of the **defendant to expunge** and the Court being fully advised in the premises, having jurisdiction of the subject matter:
IT IS HEREBY ORDERED **is denied for the reasons stated in the record.**

**The court finds that the above-entitled case is the same case as alleged in 82 CF 1448.**

**CERTIFICATION**
I, Joel Kagann, Clerk of the 18th Judicial Circuit Court, DuPage County, Illinois, do hereby certify this to be a true and correct copy as it appears from the records and files in my office. IN WITNESS WHEREOF, I have hereunto set my hand and caused to be affixed the Seal of the said Court
DATE 4/11/00
JOEL KAGANN, Clerk
by _____ Deputy Clerk

Name **Amy**
DuPage Attorney No. **50000**
Attorney For **SAO**
Address _____
City _____
Phone _____

ENTER:

**Jorg. 2**
JUDGE

Date **12.21.99**

JOEL A. KAGANN, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT
WHEATON, ILLINOIS 60189-0707

1590 2750

ORDER  1035 (Rev. 9/99)

STATE OF ILLINOIS | UNITED STATES OF AMERICA | COUNTY OF DU PAGE
IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

PEOPLE OF THE STATE OF ILLINOIS

CASE NUMBER  82CF1468

-vs-

85CF830

Timothy Schwing

DEFENDANT(S)

FILED  00 MAY -8 PM 1:45  CLERK OF THE 18TH JUDICIAL CIRCUIT DU PAGE COUNTY, ILLINOIS

ORDER  Agreed Order ms.

This cause having come on to be heard upon the motion of the Defendant
and the Court being fully advised in the premises, having jurisdiction of the subject matter:
IT IS HEREBY ORDERED (1.) That Case Number 85CF830 merge into Case Number 82CF1468. (1.A) That Court Costs of $60.75 are rescinded.

2. That the record of 82CF1468 reflect that Judgments of conviction for Rape entered at trial were Reversed and Remanded by the Illinois Supreme Court on Appeal on March 22, 1985.

3. That Subsequent to the Reversal and Remand for further proceedings, a new case# was opened under Case # 85CF830, the Court finds that Case# 85CF830 is the Same case as alleged in Case # 82CF1468.

4. That along with the Reversal and Remand of the trial Conviction for Rape; that the subsequent Amendment to Battery, Judgment of guilty of Battery and Sentence, along with 85CF830 stand in 85CF830.

ENTER: Jorgensen
JUDGE
Date: 5-8-00

DuPage Attorney No: 89794
Attorney for Timothy Schwing
Address: ...
Telephone: 630-628-0773