## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3880 | **DATE** | 7/30/2008 |
| **CASE TITLE** | Timothy Matthew Schuning (#–33064) vs. John W. Cockwell, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to file *in forma pauperis* [#7] is granted. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state an actionable federal claim. The case is terminated. The plaintiff's motion for appointment of counsel [#4] is denied as moot. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Jacksonville Correctional Center. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [**For further details see text below.**]                                      Docketing to mail notices.

### STATEMENT

    The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, a DuPage County State's Attorney and judicial officials, have violated the plaintiff's constitutional rights by subjecting him to "double jeopardy." More specifically, the plaintiff alleges that the defendants have failed to correct records reflecting two different convictions for a single case where the original conviction was overturned and the matter was remanded for retrial, resulting in re-conviction.

    The court finds that the plaintiff is unable to prepay the filing fee. Accordingly, the court grants the plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $3.94 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, United States District

**(CONTINUED)**

mjm

**STATEMENT (continued)**

Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.

However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a federal claim as a matter of law. The plaintiff must pursue this matter through the state court system.

The plaintiff characterizes the double entry of his criminal conviction as "double jeopardy." Under the Fifth Amendment (applicable to the states through the Fourteenth Amendment), "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." However, the plaintiff is not actually challenging the retrial following remand, which would not, of course, violate the double jeopardy clause. *See, e.g., United States v. Rogers*, 387 F.3d 925, 935 (7th Cir. 2004) (double jeopardy does not attach when a conviction is reversed and remanded for trial errors), citing *Lockhart v. Nelson*, 488 U.S. 33, 40-42 (1988); *United States v. Hudspeth*, 42 F.3d 1015, 1025 (7th Cir. 1994) (en banc). The plaintiff does not seek federal review of his second conviction–which, in any event, would be available only by way of a petition for a writ of habeas corpus. *See, e.g., Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus"), citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Instead, the plaintiff requests correction of his criminal record to reflect that the original conviction was reversed. However, the matter does not implicate any constitutional right. Furthermore, the plaintiff is suing individuals who are immune from suit. The plaintiff cannot sue the judge or state's attorney. "Prosecutors are absolutely immune from suits for monetary damages under 42 U.S.C. § 1983 for conduct that is "intimately associated with the judicial phase of the criminal process." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Likewise, the Supreme Court has repeatedly held that a judge may not be held to answer in civil damages for acts committed in the exercise of his judicial capacity. *Forrester v. White*, 484 U.S. 219, 228 (1988); *Stump v. Sparkman*, 435 U.S. 349, 362-63 (1978); *Pierson v. Ray*, 386 U.S. 547 (1967).

Documents attached to the complaint do not make clear whether the circuit court has already ordered expungement of the conviction entered under Case No. 85 CF 830. [It should be noted that the Illinois Department of Corrections website does not reflect the conviction in question.] If the circuit judge has refused to order expungement (as suggested by Exhibit B to the complaint), the plaintiff's only avenue of relief is through the appeal process. The *Rooker-Feldman* doctrine bars appellate review of an Illinois state court decision in the federal district court. This court is not authorized to afford relief "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Sides v. City of Champaign*, 496 F.3d 820, 824 (7th Cir. 2007), quoting *Lance v. Dennis*, 546 U.S. 459, 465 (2006); *see also, e.g., Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

**(CONTINUED)**

**STATEMENT (continued)**

If, on the other hand, the circuit judge has ordered expungement (as suggested by Exhibit C to the complaint) and the Clerk of the 18th Judicial Circuit Court has failed to correct the plaintiff's criminal records accordingly, the plaintiff may wish to file either another motion under Case No. 85 CF 830, or a mandamus action in the state circuit court to compel the court clerk's compliance. The court discerns no basis for federal subject matter jurisdiction.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted in federal court. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."